Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4100
jchubak@aminillc.com
- and -
Joseph D. Frank (pro hac vice)
Jeremy C. Kleinman (pro hac vice)
FRANKGECKER LLP
1327 West Washington Boulevard, Suite 5G-H
Chicago, Illinois 60607
(312) 276-1400
jfrank@fgllp.com
jkleinman@fgllp.com
*Attorneys for the Defendants-Appellants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,[1]<br><br>　　　　　　　　　　Debtors. | Bankruptcy Appeal No. 20-cv-583-CM<br><br>Chapter 11 No. 15-bk-23007-RDD<br><br>Jointly Administered |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,<br>　　　　　　　　Plaintiffs-Appellees,<br><br>- against -<br><br>PEPSICO, INC., BOTTLING GROUP, LLC, FRITO-LAY NORTH AMERICA, INC., QUAKER SALES AND DISTRIBUTION, INC., MULLER QUAKER DAIRY, LLC, STACY'S PITA CHIP COMPANY, INC., PEPSI BOTTLING GROUP, NJ, and PEPSI USA,<br>　　　　　　　　Defendants-Appellants. | Adversary Proceeding No. 18-ap-8245-RDD |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS-APPELLANTS'
MOTION TO ALTER OR AMEND ORDER AND JUDGMENT**

---

[1] The Debtors are: 2008 Broadway, Inc.; The Great Atlantic & Pacific Tea Company, Inc.; A&P Live Better, LLC; A&P Real Property, LLC; APW Supermarket Corporation; APW Supermarkets, Inc.; Borman's, Inc.; Delaware County Dairies, Inc.; Food Basics, Inc.; Kwik Save Inc.; McLean Avenue Plaza Corp.; Montvale Holdings, Inc.; Montvale-Para Holdings, Inc.; Onpoint, Inc.; Pathmark Stores, Inc.; Plainbridge LLC; Shopwell, Inc.; Super Fresh Food Markets, Inc.; The Old Wine Emporium of Westport, Inc.; Tradewell Foods of Conn., Inc.; and Waldbaum, Inc.

The above-named Defendants-Appellants (collectively, "**Pepsi**") submit this memorandum of law in support of their motion to alter or amend the Order Denying Motion for Leave to Take an Interlocutory Appeal, entered May 18, 2020 [ECF No. 13] ("**Order**") and the subsequent Judgment of the Clerk [ECF No. 14] ("**Judgment**") as proposed below.

Specifically, Pepsi respectfully requests that the Court amend the Order by modifying the Conclusion as follows:

**CONCLUSION**

For the reasons stated, ~~the Order of the Bankruptcy Court (Great Atlantic & Pacific Tea Co., et al v. PepsiCo, Inc. et al, No. 18-8245 (RDD) (Bankr. S.D.N.Y. Apr. 16, 2018), Dkt. No. 49) is AFFIRMED~~**the motion for leave to appeal is DENIED.**

This constitutes the decision and order of the Court. It is a written opinion. The Clerk of Court is respectfully directed to close this matter on the Court's docket.

Pepsi further requests that the Court direct that the Judgment be amended as follows:

It is, ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Order dated May 18, 2020, Pepsi's motion is denied; ~~the Order of the Bankruptcy Court (Great Atlantic & Pacific Tea Co., et al., v. PepsiCo, Inc. et al, No. 18-8245 (RDD) (Bankr. S.D.N.Y. Apr 16, 2018) Dkt. No. 49 is affirmed;~~ accordingly, this matter is closed.

In accordance with Rule 8013(a)(2)(C)(i), a copy of the Order and Judgment are annexed hereto as Exhibit 1 and Exhibit 2, respectively.

## INTRODUCTION

Pepsi is not moving for reconsideration. Rather, it moves to alter or amend the Order and Judgment by striking those provisions which affirm the Order of the Bankruptcy Court denying Pepsi's motion for partial summary judgment ("**SJ Order**"). Those provisions purport to adjudicate matters not before the Court, Pepsi's motion for leave to appeal having been denied. Accordingly, the applicable provisions should be stricken, so Pepsi's appellate rights are fully preserved.

## BASIS FOR THE RELIEF REQUESTED

On January 2, 2020, the Bankruptcy Court entered the SJ Order, relying on its own reading of the tolling agreements at issue.

Pepsi moved for leave to appeal on January 16, 2020. On May 18, 2020, this Court entered the Order denying the motion.

However, this Court broke with the Bankruptcy Court in finding that "there is ambiguity in the language chosen by the parties [and] settling such disputes 'requires an examination of the entire . . . agreement and potentially any evidence of the parties' intent.'" (Order at 9 (quoting *In re Anderson,* 550 B.R. 228, 237 (S.D.N.Y. 2016)).) Indeed, this Court stated "[t]he fact that the Debtor was not party to the Tolling Agreement is some evidence that Pepsi's reading of the Agreement is correct, but it is not dispositive—at least, not in the context of concurrent standing." (*Id*.)

Pepsi intends to litigate further the statute of limitations issue at trial and, as this Court suggests, present appropriate evidence relating to the parties' intention in negotiating the tolling agreements' operative provisions. However, because the Bankruptcy Court both did not find any ambiguity relating to the tolling agreements and made its own determination regarding interpretation of the same, Pepsi is concerned it may not be given a chance to present that parol

2

evidence, especially to the extent the Order of this Court affirms the SJ Order rather than simply denies Pepsi's motion for leave to appeal. Stated differently, Pepsi is concerned affirmation of the SJ Order could create confusion and adversely impact Pepsi's efforts to litigate the statute of limitations issue at trial.

Rule 59(e) allows permits courts to alter or amend prior judgments, a term which encompasses orders under Rule 54(a). Rule 59(e) does not provide specific grounds for relief; however, courts have held grounds for relief include "the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). Pepsi respectfully suggests that it was error to have affirmed the SJ Order without permitting Pepsi to appeal that Order, and this should be corrected by altering or amending the Order and Judgment as well.

## **CONCLUSION**

For the foregoing reasons, Pepsi requests that this Court alter or amend the Order and Judgment as proposed above.

Lead counsel for Pepsi, Jeremy Kleinman, contacted David Crapo, counsel for the Debtors, to discuss Pepsi's concerns relating to the affirmance of the SJ Order. Mr. Crapo informed Mr. Kleinman that the Debtors will not oppose this motion, as long as it is limited to the issue of the Court's affirmance of the SJ Order.

Dated: June 9, 2020 Respectfully submitted,

/s/ Jeffrey Chubak
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4100
jchubak@aminillc.com
- and -
Joseph D. Frank (pro hac vice)
Jeremy C. Kleinman (pro hac vice)
FRANKGECKER LLP
1327 West Washington Boulevard
Suite 5G-H
Chicago, Illinois 60607
(312) 276-1400
jfrank@fgllp.com
jkleinman@fgllp.com
*Attorneys for the Defendants-Appellants*